IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
DISCOUNT DRUG MART, INC.,

                      Plaintiff,

          -vs-

DEVOS, LTD. D/B/A GUARANTEED
RETURNS,

                   Defendant
------------------------------------------------------

CASE NO. 1:12 CV 00386

MEMORANDUM OF OPINION AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court is a motion to dismiss filed by defendant Devos, Ltd., d/b/a Guaranteed Returns (hereinafter "Guaranteed Returns"). (Doc. 5). Guaranteed Returns maintains that dismissal is appropriate because it is not subject to personal jurisdiction in this Court. Further, the defendant asserts that this lawsuit is governed by a forum selection clause requiring that the plaintiff bring suit in either Nassau or Suffolk County in the State of New York. The plaintiff Discount Drug Mart ("Drug Mart") has filed a response in opposition, and the defendant has replied. (Docs. 7, 8).

      For the reasons that follow, the Court concludes that the forum selection clause is enforceable as to the plaintiff. The defendant's motion is granted.

**I. Background**

The defendant Guaranteed Returns is a pharmaceutical reverse distributor, based out of Holbrook, New York, which processes expired, recalled, damaged or overstocked pharmaceutical product returns. (Complaint, ¶¶3, 5). The plaintiff Drug Mart is an Ohio corporation, with its principal place of business in Medina, Ohio. (Complaint, ¶2). On or about 29 May 2009, Drug Mart and Guaranteed Returns entered into a Reverse Distribution Services Agreement ("Distribution Agreement"), whereby Guaranteed Returns agreed to provide pharmaceutical reverse distribution services to Drug Mart. (Complaint, ¶5). Under the agreement, Guaranteed Returns promised to assist Drug Mart in the preparation, packaging, and shipping of expired, recalled, damaged, or overstocked pharmaceuticals from Drug Mart's warehouse in Medina to Guaranteed Returns' facility in Holbrook. (Complaint, ¶6). Once the returned merchandise was shipped to the defendant's New York facility, Guaranteed Returns would process it and make a credit estimate based on the manufacturer/distributor's current procedures. (Complaint, ¶7). Drug Mart would then be credited in the form of lump sum payment checks for returned product. The present case relates to Guaranteed Returns' alleged failure to remit credits due and owing to Drug Mart under the Distribution Agreement.

The parties dispute whether this suit is subject to a forum selection clause that requires the parties to bring suit in either Nassau or Suffolk County in the State of New York. The defendant states that the forum selection clause is contained in two different documents. First, it appears on Guaranteed Returns' website, which, the defendant maintains, was incorporated by reference into the Distribution Agreement. Under a

2

section entitled "Miscellaneous Terms," the Distribution Agreement states that the agreement is "subject to Guaranteed Returns, standard terms and conditions, which can be found on our website at www.Guaranteedreturns.com under the tab labeled 'policies.'" (Doc. 5-2, p. 7). The forum selection clause is found among the standard terms and conditions on the website.

The forum selection clause also appears in a document called a Return Authorization Form. According to the defendant, Drug Mart was required to submit a Return Authorization Form each time it shipped returned products to Guaranteed Returns. (Doc. 5-2, p. 3). Drug Mart submitted executed Return Authorization Forms to the defendant on several occasions. (Doc. 5-2, p. 3). The forum selection clause in both documents states that "[t]he parties hereto agree that any disputes arising herefrom shall be resolved in, and subject to the sole and exclusive jurisdiction of the courts of either Nassau or Suffolk County in the State of the New York." (Doc. 5-2, p.10).

## II. Law and Argument

When a party seeks to enforce a forum-selection clause, the district court may enforce the forum-selection clause through dismissal. See Security Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 371, 374-76 (6th Cir.1999). On a motion to dismiss, the issue is properly considered under Federal Rule of Civil Procedure 12(b)(6). Langley v. Prudential Mortg. Capital Co., LLC, 546 F.3d 365, 371 (6th Cir. 2008) (Moore, J., concurring). In this instance, the defendant maintains that the forum selection clause contained in either of the above-noted documents forecloses suit in this jurisdiction and that the case should accordingly be dismissed.

3

*Incorporation by Reference and the Distribution Agreement*

The plaintiff's central argument opposing dismissal is that the forum selection clause contained on the website was not properly incorporated into the Distribution Agreement. The plaintiff contends that it was never given a paper copy of the contract terms as stated on the website; that Guaranteed Returns retained the unilateral discretion to alter the terms on the website at any time; that Guaranteed Returns admits that the terms and conditions on the website have changed over the years; and that there is no indication that the website contained the terms relevant to this case at the time the Distribution Agreement was executed.

The Court is persuaded that the terms and conditions contained on the website were not properly incorporated into the Distribution Agreement. "'Incorporation by reference is proper where the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship.'" Int'l Ass'n of Machinists and Aerospace Workers v. ISP Chemicals, Inc., 261 Fed.Appx. 841, 848 (6th Cir. January 10, 2008) (quoting Standard Bent Glass Corp. v. Glassrobots Oy, 333 F.3d 440, 447 (3d Cir.2003)). In this instance, although the Distribution Agreement does make clear reference to another document (that being the terms and conditions contained on the website), incorporation of that "document" could clearly result in surprise or hardship, since Guaranteed Returns was free to unilaterally modify the Terms and Conditions at any time. Further, Guaranteed Returns concedes that it has modified the Terms and Conditions in the past. As Drug Mart correctly indicates, one party to contract may not modify an agreement without the assent of the other party. Moreover, there is no

4

indication that the relevant terms were actually part of the Terms and Conditions at the time the parties executed the Distribution Agreement. The Court accordingly concludes that the contents of the website were not properly incorporated into the Distribution Agreement.

*The Return Authorization Form*

The defendant also argues that the forum selection clause which appears on the Return Authorization Form should control in this instance. However, because this document was not attached to the complaint, the question arises whether the Court may even consider it. Matters outside of the pleadings are not to be considered by a court in ruling on a motion to dismiss. But, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir 1997) (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993). In this instance, the Return Authorization Form was not directly referenced in the complaint. The defendant maintains that the form is nonetheless a part of the pleadings because the contractual requirement that Drug Mart submit the Return Authorization Form was incorporated into the Distribution Agreement by reference to the Terms and Conditions contained on Guaranteed Return's website. For the reasons already described, the Court rejects the argument that the Terms and Conditions contained on the website were properly incorporated into the Distribution Agreement. Therefore, the Return Authorization Form is "outside the pleadings."

*Conversion to Summary Judgment*

Once "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b). Because of the risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment. Id.; Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 493 (6th Cir.1995). Failure to provide the parties with either constitutes reversible error. Alioto v. Marshall Field's & Co., 77 F.3d 934, 936 (7th Cir.1996).

Under certain limited circumstances, however, this notice requirement will not prevent a court from summarily dismissing a complaint even when relying on matters outside the pleadings to do so. Song v. City of Elyria, Ohio, 985 F.2d 840, 842 (6th Cir.1993). For instance, a party cannot claim surprise at conversion when it is aware that materials outside the pleadings had been submitted to the court. Wright v. Holbrook, 794 F.2d 1152, 1156 (6th Cir. 1986). Similarly, where plaintiffs had ample opportunity to respond to outside evidence submitted with a motion to dismiss they had notice of the possibility of conversion. Fugarino v. Hartford Life & Accident Ins. Co., 969 F.2d 178, 182 (6th Cir.1992).

In this instance, the plaintiff had adequate notice of the possibility of conversion. The defendant argued in its motion to dismiss that the forum-selection clause contained in the Return Authorization Form was controlling in this instance. (Doc. 5-1, p. 3). The defendant provided an affidavit stating that Drug Mart was required to submit, and did submit, a Return Authorization Form to Guaranteed Returns on several occasions.

6

(Doc. 5-2, p. 3). The defendant also provided a copy of a Return Authorization Form dated 6 May 2010. (Doc. 5-2, pp.12-13). As such, the plaintiff was on notice that outside-the-pleadings materials were before the Court. The plaintiff had an opportunity to submit evidence in opposition to these materials but chose not to do so. Therefore, because the plaintiff could not reasonably claim surprise at the conversion, the Court views the question of the enforceability of forum selection clause through the lens of Rule 56.

*Rule 56*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All inferences must be construed in a light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987).

*The Validity of the Forum Selection Clause*

The Supreme Court has stated that in light of present-day commercial realities, a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). When evaluating the validity of a forum selection clause, this Court looks to the following factors: (1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust. Preferred Capital, Inc. v. Associates in Urology, 453 F.3d 718, 721 (6th Cir. 2006). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1229 (6th Cir.1995).

First, Drug Mart does not dispute that the Return Authorization amounts to a commercial contract between business entities. "Commercial forum selection clauses between for-profit business entities are prima facie valid." Preferred Capital, 453 F.3d at 722. Drug Mart offers no argument or evidence to rebut this presumption. Further, while Drug Mart attacks the forum selection clause on the ground that the defendant was overreaching when it attempted to incorporate the forum selection clause by reference to the website, the plaintiff fails to demonstrate the existence of fraud or overreaching with respect to the forum selection clause as it appears on the signed Return Authorization Form. Because the plaintiff does not deny that it executed this document, it is presumed to have known its contents and to have assented to them. There is simply no evidence or argument to suggest that Drug Mart should not be held to the terms of the Return Authorization Form which Drug Mart signed.

The Court also considers "whether the chosen forum is so inconvenient as to, in effect, afford no remedy at all, thus 'depriving litigants of their day in court.'" Id. Drug Mart states that it would be disadvantaged by enforcement of the forum selection clause, because it will be forced to incur substantial financial hardship by litigating the case in New York.  While litigating in New York will likely be inconvenient for an Ohio firm, Drug Mart has not demonstrated that it will be prejudiced by doing so.

In sum, Drug Mart has not met its burden to show that the forum selection clause contained in the Return Authorization Form is invalid. The Court finds that the forum selection clause is enforceable, and that no genuine issue of material fact has been shown in regard to plaintiff's agreement to the forum selection clause.

**III. Conclusion**

For the reasons stated above, the defendant's motion is granted.

IT IS SO ORDERED.

                                                        /s/ Lesley Wells
                                             UNITED STATES DISTRICT JUDGE

Date: 29 October 2013